IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW WILLIAMS, | ) | |
| Movant, | ) | No. 3:16-CV-3242-K |
| vs. | ) | No. 3:13-CR-295-K-23 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed by counsel on November 18, 2016 (*See* 3:16-CV-3242-K, doc. 1). Based on the relevant findings and applicable law, the motion is **DENIED** with prejudice.

## I. BACKGROUND

Andrew Williams (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-295-K-23. The respondent is the United States of America (Government).

On August 6, 2013, Movant was charged by indictment with conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (*See* 3:13-CR-295-k-3, doc. 1.) Then, on October 2, 2013, he was charged in a superseding indictment with the same charge. (*See id.*, doc. 227.) Finally, on May 9, 2014, he was charged by superseding information with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. (*See*

*id.*, doc. 592.)

Movant was represented by attorney Lawrence W. Levin from his initial appearance through his guilty plea. Attorney Kirk F. Lechtenberger became Movant's counsel shortly thereafter, on October 20, 2014, and represented him through sentencing.

In a factual resume, Movant agreed that he was part of a conspiracy that involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, and that he committed the essential elements of the drug conspiracy. (*See id.*, doc. 596 at 2-3.) He further agreed that the limited purpose of the factual resume was to demonstrate that a factual basis existed to support his plea of guilty to the superseding information. (*See id.*, doc. 596 at 3.)

In the plea agreement, Movant agreed to plead guilty to the superseding information, and the parties agreed that the maximum and minimum penalties that the Court could impose were not less than five years nor more than 40 years. (*See id.*, doc. 594 at 1-2.) Movant agreed to waive his rights to appeal from his conviction or sentence. (*See id.*, doc. 594 at 6.) He reserved his right to bring a direct appeal (of a sentence exceeding the statutory maximum punishment, or an arithmetic error at sentencing); a challenge to the voluntariness of his plea of guilty or the waiver; and to bring a claim of ineffective assistance of counsel. (*See id.*, doc. 594 at 6.)

On September 3, 2014, the United States Probation Office (USPO) filed a

Presentence Report (PSR) in which it applied the November 1, 2013 United States Sentencing Guidelines Manual (USSG). (*See id.*, doc. 783-1 at 10, ¶ 35.) For count one, the base offense level was calculated under USSG §2D1.1 and determined to be 32. (*See id.*, doc. 783-1 at 10, ¶ 36.) Two levels were added because a dangerous weapon was possessed. (*See id.*, doc. 783-1 at 11, ¶ 37.) Two additional levels were added because Movant maintained a premises for the purpose of distributing a controlled substance. (*See id.*, doc. 783-1 at 11, ¶ 38.) Three levels were added because he was a manager or a supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. (*See id.*, doc. 783-1 at 11, ¶ 40.) Based on a criminal history category history category of I and a total offense level of 36, the resulting guideline range was 188 to 235 months. (*See id.*, doc. 783-1 at 20, ¶ 98.) Movant was also subject to a minimum term of imprisonment of 5 years and a maximum term of imprisonment of 40 years. (*See id.*, doc. 783-1 at 20, ¶ 97) (citing 21 U.S.C. 841(a)(1), (b)(1)(B), 846).

Counsel objected to the two-level gun enhancement. (*See id.*, doc. 952 at 1-2.) Counsel also objected to the two-level enhancement for maintaining a premises for the purpose of distributing a controlled substance. (*See id.*, doc. 952 at 2-3.) Counsel objected to the three-level enhancement on the basis that he was a manager or supervisor. (*See id.,* doc. 952 at 3-4.) Finally, counsel objected to the two-point reduction for safety valve not being factored into the computation. (*See id.,* doc. 952 at

4.) Counsel sought a two-level reduction for the proposed amendment to the guidelines that were expected to become effective on November 1, 2014. (*See id.*, doc. 952 at 4.) In the PSR Addendum, the USPO agreed with counsel's two-level objection corresponding to the November 1, 2014 Guidelines Manual. (*See id.*, doc. 960-1.)

Prior to sentencing, the Government filed a motion for a four-level downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (*See id.*, doc. 1132.) At sentencing, held on November 12, 2015, the Court overruled the objections, accepted the findings of the USPO as the findings of the Court, and granted the §5K1.1 motion. (*See id.*, doc. 1205 at 21.) The offense level was determined to be 30, Movant's guideline range was 97 to 121 months, and he had a mandatory minimum of 60 months. (*See id.*, doc. 1205 at 3.) He was sentenced to 60 months' imprisonment, which was a below-guidelines sentence. (*See id.*, doc. 1136 at 2.)

Movant did not file a direct appeal. On November 18, 2016, Movant filed his § 2255 motion and brief in support. (*See* 3:16-CV-3242-K, docs. 1, 2.) The Government filed a response. (*See id.*, doc. 5.) Movant filed a reply. (*See id.*, doc. 6.)

## II. SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks

omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To

successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

In his sole claim, Movant contends that counsel was ineffective for recommending

that he enter a guilty plea that required him to stipulate to the facts contained in the factual resume. (*See* 3:16-CV-3242-K, doc. 2 at 5-6.) This pre-plea claim is waived because, once Movant voluntarily and knowingly pled guilty, he waived any claims of ineffective assistance of counsel except for those relating to the voluntariness of his plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceeding against the defendant.").

Moreover, even if he could demonstrate that this claim is not waived, it fails on the merits. In particular, Movant's argument fails under both prongs of the *Strickland* standard. Under the first prong, the Supreme Court has emphasized that counsel's performance must be afforded proper deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689-690 (internal cites and quotation marks omitted).

Here, counsel was successful in securing a favorable plea agreement for

Movant. As Movant was initially charged in the indictment, the mandatory minimum sentence he faced was ten years, and the maximum sentence was life imprisonment. (*See* 3:13-CR-295-K-23, doc. 1.) The plea agreement reduced his exposure down to a five-year mandatory minimum and a maximum of 40 years' imprisonment. (*See id.*, docs. 594.) The factual resume was part of the agreement to plead guilty pursuant to the plea agreement. This Court declines to second-guess counsel's strategy to advise Movant to enter into a highly favorable plea agreement and factual stipulation with the Government. *See Strickland*, 466 U.S. at 689. Consequently, this claim fails under the first prong of the *Strickland* standard.

Movant argues that counsel's strategy cannot be said to be sound strategy when Movant could have achieved the same result by entering an open plea without stipulating to the factual resume. (*See* 3:16-CV-3242-K, doc. 6 at 3.) With respect to the second prong of *Strickland*, prejudice here requires that Movant demonstrate that the Government was willing to negotiate with him on these terms. *See Wolfe v. Dretke*, 116 F. App'x 487, 495 (5th Cir. 2004) (concluding that the defendant failed to demonstrate prejudice because he failed to show that the prosecutor would have offered a plea bargain if his attorney had pursued one). Movant has failed to make such a showing here, and this argument must fail.

Movant's claim also fails under the second prong of the *Strickland* standard because the Court was not bound by the parties' factual resume. *See United States v. Mitchell*, 360 F. App'x 520, 521 (5th Cir. 2010) (per curiam) (recognizing that a district court is not bound by the factual stipulations of the parties) (citing USSG §6B1.4(d) ("The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing.")). Here, Movant presented essentially bare objections where he could have presented supporting evidence in an attempt to actually persuade the Court. (*See* 3:13-CR-295-K-23, doc. 952 at 1-4.) Moreover, Movant does not now deny the truthfulness of the factual statements set forth in the factual resume. (*See* 3:16-CV-3242-K, docs. 1, 2, 6.) Therefore, Movant's claim also fails under the second prong of the *Strickland* standard.

## IV. EVIDENTIARY HEARING

Movant requests an evidentiary hearing. (*See* 3:16-CV-3242-K, doc. 2 at 6.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal

9

district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He has also failed to come forward with independent indicia in support of the likely merit of his claim. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claim.

## V. CONCLUSION

The movant's motion to vacate, set aside, or correct sentence under to 28 U.S.C. § 2255 is **DENIED** with prejudice.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case, the movant is **DENIED** a Certificate of Appealability. The Court finds that the movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims

debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the [motion] states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If the movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**SO ORDERED.**

**Signed November 13th, 2019.**

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE